COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-460-CV

 

 

IN RE GUARDIANSHIP OF THE                                                               

ESTATE
OF KATHRYN H. GIBBS, 

AN INCAPACITATED PERSON                                                                

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Kenneth Gibbs, as
Independent Executor of the Estate of Bert H. Gibbs, argues that the Denton
County statutory probate court lacked jurisdiction to make certain orders in
the Guardianship of Kathryn H. Gibbs because the guardianship expired as a
matter of law years before the probate court signed the orders.  We agree, and we vacate the orders in
question.








                                            Background

Kathryn
Gibbs is the mother of Howard Gibbs, Kenneth Gibbs, Candace Gibbs Walton, and
Appellee Kip Gibbs.  Bert Gibbs,
deceased, was Kathryn=s
husband.  Appellee Sandra Gibbs is Kip=s wife.  

On May 7, 2001, Kip and
Sandra filed in the Denton County Probate Court an application to be appointed
temporary co-guardians of Kathryn=s estate.  On the same day, the
trial court granted the application and appointed them as temporary
co-guardians until May 17, 2001. 

On May 15, 2001, Kathryn and
her court-appointed guardian ad litem consented to the extension of the order
appointing Kip and Sandra as temporary co-guardians for a period not to extend
beyond July 6, 2001, and the probate court signed a corresponding order on the
same day.








On June 29, 2001, Kip and
Sandra filed an application to convert the temporary guardianship into a
permanent guardianship.  On July 6, 2001,
the probate court signed another order purporting to extend the order
appointing Kip and Sandra as temporary co-guardians until August 3, 2001.  On October 5, 2001, after hearing the
application to convert the guardianship from temporary to permanent, the
probate court signed an order purporting to extend the original order
appointing Kip and Sandra as temporary co-guardians yet againCthis time Auntil
further order of [the court].@  The probate court also ordered
another lawsuitCin which
Kip, as Kathryn=s next
friend, sued his siblings for restitution and breach of fiduciary dutyCtransferred and made ancillary to the guardianship.  The final judgment in that case was the
subject of a companion appeal recently resolved by this court.  See In re Guardianship of Gibbs, No.
02-05-00143-CV, 2008 WL 902761 (Tex. App.CFort Worth Apr. 3, 2008, no pet. h.) (op. on reh=g) (AGibbs I@).  The probate court also
ordered the divorce action pending between Kathryn and Bert in the 362nd
District Court of Denton County transferred to the probate court as a
proceeding ancillary to the guardianship. 


The probate court signed an
order purporting to convert the temporary guardianship to a permanent
guardianship on April 27, 2004.  

Thereafter, the probate court
signed the five orders underlying this appeal, as follows:

(1)    The November 28, 2005 order approving the guardianship=s Afirst
annual account@ for
the period from May 12, 2004, through May 12, 2005; 

 

(2)    The November 28, 2005 order authorizing compensation for Kip and
Sandra for services rendered as co-guardians from May 12, 2004 until May 12,
2005; 

 

(3)    The January 23, 2006 order authorizing Kip and Sandra to employ
co-counsel; 

 

(4)    The January 23, 2006 order authorizing the payment of attorney=s
fees; and

 








(5)    The February 6, 2006 order authorizing the expenditure of certain
funds.

 

                              Procedural History of This Appeal

Before turning to the merits
of the case, we must unravel the tangled procedural history of this appeal and
resolve several pending motions.

Bert died on December 31,
2004.  On September 26, 2005, Probate
Court No. 2 of Tarrant County admitted Bert=s will to probate and appointed Howard as independent executor of Bert=s estate.  The very next day,
for reasons that do not appear in the record, the Tarrant County probate court
revoked Howard=s letters
testamentary but sent notice of the revocation to the wrong lawyer, and Howard
did not learn that the court had revoked his letters until April 11, 2006.  Meanwhile, Howard, acting as independent executor
of Bert=s estate, perfected this appeal on March 20, 2006.

Kip and Sandra filed a motion
to dismiss the appeal on June 20, 2006, arguing that Howard had no authority to
prosecute the appeal because the probate court had revoked his letters
testamentary.  On July 11, 2006, the
Tarrant County probate court appointed Kenneth as successor executor of Bert=s estate and retroactively reappointed Howard as executor from
September 27, 2005, through July 11, 2006. 
On August 18, 2006, we granted Howard=s motion to substitute Kenneth for Howard as appellant. 








On September 25, 2006Cagain, for reasons that do not appear of recordCthe Tarrant County probate court set aside its July 11, 2006 order in
its entirety.  The next day, the probate
court sent a letter to the parties stating that Bert=s will had not been admitted to probate and that no independent
executor had been appointed to act on behalf of the estate. 

On September 28, 2006, Howard
and Kenneth filed their motion in this court to substitute themselves,
personally, as appellants in place of Kenneth as the independent executor of
Bert=s estate.  A week later, Kip and
Sandra filed a second motion to dismiss, arguing that the notice of appeal is
void because no one had authority to file the notice on behalf of Bert=s estate.

Finally, on November 14,
2006, pursuant to a Rule 11 agreement executed by the parties, the Tarrant
County probate court signed an order re-admitting Bert=s will to probate and re-appointing Kenneth as independent executor.








Our August 18, 2006 order
substituted Kenneth for Howard as appellant in his capacity as independent
executor of Bert=s
estate.  The Tarrant County probate court=s November 14, 2006 order re-appointing Kenneth as independent
executor restored Kenneth=s authority
to prosecute the appeal.  We therefore
deny Kip and Sandra=s first and
second motions to dismiss the appeal; Kip and Sandra=s motion to reconsider our August 18, 2006 order; and Howard and
Kenneth=s motion to substitute in as appellants in their personal
capacities.  We now turn to the merits of
the appeal.

                                             Discussion

In his sole issue, Kenneth
argues that the Denton County probate court lacked jurisdiction to make the
five orders at issue because the temporary guardianship expired by operation of
law on July 6, 2001Cyears before
the court made the orders.  We agree.

We addressed the same issue
in our opinion in the companion appeal, Gibbs I.  The question in the companion appeal was
whether the probate court lacked subject matter jurisdiction over the
restitution and breach of fiduciary duty suit filed by Kip as Kathryn=s next friend and transferred to the probate court on October 5,
2001.  Gibbs I, 2008 WL 902761, at
*2.  Howard, Candace, and Kenneth argued
that the trial court lacked jurisdiction over the claims because the temporary
guardianship expired by operation of law on July 6, 2001.  Id. 
The parties raise most of the same arguments in the instant appeal.

Among other holdings, we held
in Gibbs I that the temporary guardianship expired by operation of law
on July 6, 2001:








Probate
code section 875(h) provides that a temporary guardianship expires by operation
of law sixty days after the guardianship is commenced, unless it is contested
within the sixty-day period.  In this
case, the sixtieth day after the trial court issued the May 7, 2001 order
approving the temporary guardianship was July 6, 2001.  Appellants did not contest the application
for temporary guardianship.  Therefore,
the temporary guardianship expired by operation of law on July 6, 2001.

 

Id. at
*5 (citations omitted).  We further held
that A[w]hen the temporary guardianship expired without a contest, the trial
court had no authority to continue the guardianship, or to direct the guardians
to further act.@  Id. at *6.

Kip and Sandra proffer
several reasons why the probate court had jurisdiction to make the subject
orders even after the temporary guardianship expired.  Kip raised almost all of the same arguments
in his brief and motion for rehearing in the companion appeal, and we analyzed
and rejected those arguments.  Id.
at *5B7.

Kip and Sandra make one
additional argument in this appeal that was not raised and rejected in the
companion appeal.  They argue that
Kenneth conceded the existence of a temporary guardianship and the trial court=s jurisdiction by requesting the probate court to transfer an
ancillary proceeding (the divorce suit between Bert and Kathryn) to itselfCin essence, that Kenneth waived the right to contest the probate court=s jurisdiction by requesting the transfer.  But subject‑matter jurisdiction cannot
be waived and can be raised at any time. 
Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d
351, 358 (Tex. 2004).  Thus, we reject
Kip and Sandra=s argument
that Kenneth waived subject-matter jurisdiction.








We adopt the relevant
holdings of our opinion in the companion appeal and for the reasons therein
stated hold that the temporary guardianship expired as a matter of law on July
6, 2001, and that the only actions the trial court was authorized to take were
those necessary to close the temporary guardianship and discharge the temporary
guardians.  See Gibbs I, 2008 WL
902761, at *5.  Because the five orders
in question in this appeal were not necessary to close the temporary
guardianship and discharge the temporary guardians, we further hold that the
probate court lacked jurisdiction to make the orders.  We sustain Kenneth=s sole issue.

                                             Conclusion

Having sustained Kenneth=s sole issue, we vacate the following orders of the probate
court:  (1) the November 28, 2005 order
approving the guardianship=s first annual account; (2) the November 28, 2005 order authorizing
compensation for Kip and Sandra for services rendered as co-guardians; (3) the
January 23, 2006 order authorizing Kip and Sandra to employ co-counsel; (4) the
January 23, 2006 order authorizing the payment of attorney=s fees; and (5) the February 6, 2006 order authorizing the expenditure
of certain funds. 

PER CURIAM

 

PANEL
A:  GARDNER, J.; CAYCE, C.J.; and WALKER,
J.

 

DELIVERED:  April 17, 2008











[1]See Tex. R. App. P. 47.4.